UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MYLES KHOURY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:07CV1034-DJS |
| ) | |
| LANDY W. MILES, ) | |
| PANTHER II TRANSPORTATION INC., ) | |
| and DIAMOND EXPRESS, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

In the instant action, plaintiff alleges he was operating a forklift while unloading a trailer marked with defendant Panther II Transportation's signage. Defendant Landy Miles allegedly caused the trailer to move or roll away from the loading dock, thus causing plaintiff and the forklift plaintiff was driving to fall onto the apron of the dock. In his first amended complaint, plaintiff asserts claims of negligence against defendant Miles (Count I) and defendant Miles's two alleged employers: defendant Panther II Transportation (Count II) and defendant Diamond Express (Count III). Now before the Court is defendant Panther II's motion for summary judgment which asserts that it did not employ defendant Miles, nor did it have any control over him.[1]

---

[1] Although filed before the complaint was amended, defendant Panther II's motion for summary judgment is construed as being addressed to plaintiff's first amended complaint.

In considering a motion for summary judgment, the Court must "view all of the evidence in the light most favorable to the nonmoving party and [will] give that party the benefit of all reasonable inferences to be drawn from the facts disclosed in the pleadings." Reich v. ConAgra, Inc., 987 F.2d 1357, 1359 (8th Cir. 1993). "Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id. "Although the moving party has the burden of demonstrating the absence of genuine issues of material fact, the 'nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial.'" Burchett v. Target Corp., 340 F.3d 510, 516 (8th Cir. 2003), quoting Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1107 (8th Cir. 1998).

Defendant Panther II submits an affidavit of its Vice President of Risk Management attesting that defendant Miles was not an agent or employee of defendant Panther II at the time of the accident. In response, plaintiff submits his own affidavit asserting that the trailer operated by defendant Miles had defendant Panther II's signage on it when the accident occurred. Furthermore, plaintiff has filed a document entitled "Overnite Transportation Company Confirmation of Cross-dock Operation" which includes defendant Miles's signature on a line designated for defendant Panther II and plaintiff's signature on a line designated

for Overnite Transportation.  The document also reads "By signature below, Panther II Transportation certifies that a cross-dock transfer was made by a representative of Overnite Transportation Co. . . ."  The arrival date on the document is the alleged date of the accident, June 15, 2004.  A genuine issue of material fact exists as to whether defendant Miles was an agent or employee of defendant Panther II at the time of the accident.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Panther II Transportation's motion for summary judgment [Doc. #8] is denied.


Dated this ___26th___ day of July, 2007.

                                              /s/Donald J. Stohr
                                              UNITED STATES DISTRICT JUDGE